**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: _____

ALBERTO RODRIGUEZ, on behalf of himself and all others similarly situated,

     Plaintiff,

v.

DOYLE MOVING & STORAGE, INC., a Colorado corporation, and
ANGELA DOYLE, an individual,

     Defendants.

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Alberto Rodriguez ("Plaintiff"), on behalf of himself and all others similarly situated, through counsel, Lewis Kuhn Swan PC, complains as follows:

**NATURE OF THIS ACTION**

1.     This action is brought on behalf of all persons employed by Doyle Moving & Storage, Inc. ("DMS") in any of the following positions: Lumpers (day laborers paid on a daily basis) Warehousemen, Movers, Packers, Unloaders, and individuals holding comparable positions with different titles (collectively, "Laborers") employed by DMS and/or Angela Doyle ("Ms. Doyle") within the United States within the applicable statute of limitations. This case is brought as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA") and as a class action under Fed. R. Civ. P. 23.

2.     Plaintiff alleges that Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq*., and the applicable Colorado Minimum Wage Order ("Colorado Wage Order"), 7 Colo. C. Reg. § 1103-

1, by failing to pay Laborers (i) wages for all hours worked as required by the FLSA and the Colorado Wage Order; and (ii) overtime compensation at the proper regular rates of pay.

## JURISDICTION AND VENUE

3.      This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim under 29 U.S.C. § 216(b).

4.      This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because it is so related to the FLSA claim that it forms part of the same case or controversy.

5.      DMS is subject to personal jurisdiction in Colorado because it conducts substantial business in this State and the acts and omissions alleged herein occurred in this State. Ms. Doyle is subject to personal jurisdiction in Colorado because she is a resident and citizen of Colorado.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

7.      Plaintiff is an individual who is domiciled and resides in Colorado Springs, Colorado.

8.      DMS is a Colorado corporation having a principal office street address of 2755 Delta Place, Colorado Springs, Colorado 80910.

9.      Ms. Doyle is, upon information and belief, an owner of DMS. Ms. Doyle is, upon information and belief, responsible for DMS's pay practices and exercises substantial control over its finances and operations. As such, she is individually liable for DMS's illegal pay practices as

2

alleged herein pursuant to the FLSA. DMS and Ms. Doyle are collectively referred to herein as the "Defendants."

## COLLECTIVE ACTION ALLEGATIONS

10.    Plaintiff seeks to prosecute the FLSA claim as an "opt-in" collective action on behalf of all persons who are or were employed by DMS as Laborers in the United States at any time in the last three (3) years through the date of entry of judgment in this case and (i) were not paid minimum wage for all hours worked ("Minimum Wage Collective"); and/or (ii) were not paid overtime for all hours worked, or at an appropriate rate of pay for hours worked, in excess of 40 in a workweek ("Overtime Collective"). The Minimum Wage Collective and Overtime Collective are together referred to as the "Collectives."

11.    Plaintiff will fairly and adequately protect the interests of the members of the Collectives and has retained counsel who are experienced and competent in the fields of wage and hour law and class action litigation. Plaintiff has no interest contrary to or in conflict with the members of this collective action.

12.    The members of the Collectives are similarly situated because, among other things, they were all victims of the same company-wide policies and procedures that failed to pay them all the wages to which they are entitled under the FLSA.

## CLASS ACTION ALLEGATIONS

13.    Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure based on Defendants' violation of the Colorado Wage Order, 7 Colo. C. Reg. § 1103-1.

14.     Plaintiff brings his Colorado state law claim on behalf of all persons who were employed by DMS in Colorado at any time in the last three (3) years through the date of entry of judgment in this case who hold or held the position of Laborer and (i) were not paid minimum wage for all hours worked ("Minimum Wage Class"); and/or (ii) were not paid overtime for all hours worked, or at an appropriate rate of pay for hours worked, in excess of 40 in a workweek or 12 hours in a work day ("Overtime Class"). The Minimum Wage Class and the Overtime Class are together referred to as the "Colorado Classes."

15.     The members of the Colorado Classes are so numerous that joinder of them is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of DMS, upon information and belief, there are at least 30 members of the Colorado Classes.

16.     Plaintiff's claims are typical of the claims of the members of the Colorado Classes. Plaintiff performed the same job as the members of the Colorado Classes; DMS paid Plaintiff and the members of the Colorado Classes pursuant to the same policies and procedures; and Plaintiff and the members of the Colorado Classes were victims of the same wrongful conduct engaged in by DMS in violation of the Colorado Wage Order.

17.     The class action mechanism is superior to any alternatives which might exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic

means by which plaintiffs can effectively litigate against, on information and belief, a well-capitalized corporate defendant. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to DMS's conduct.

18.    DMS has acted or refused to act on grounds generally applicable to the Colorado Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Colorado Classes as a whole.

19.    Plaintiff is committed to pursuing this action and has retained competent counsel who are experienced in wage and hour law and class action litigation.

20.    Plaintiff will fairly and adequately protect the interests of the members of the Colorado Classes.

21.    There are questions of law and fact common to the Colorado Classes which predominate over any questions solely affecting the individual members of the Colorado Classes, including but not limited to:

a)    whether DMS employed the members of the Colorado Classes within the meaning of the Colorado Wage Order;

b)    whether DMS's policies and practices described within this Complaint are illegal;

c)    whether DMS paid the members of the Colorado Classes for all hours worked;

d)    whether the payments to the members of the Colorado Classes complied with the minimum wages required by applicable law;

e)    whether DMS properly calculated the number of overtime hours payable to the members of the Colorado Classes based on their work beyond 40 hours in a workweek or 12 hours in a work day;

f)    whether the overtime rates paid to the members of the Colorado Classes were those required by law;

g)    what proof of hours worked is sufficient where employers fail in their duty to maintain accurate time records; and,

h)    whether DMS is liable for all damages claimed hereunder.

## STATEMENT OF FACTS

22.    Plaintiff began his employment with DMS as a Laborer in or around April 2018, and was terminated from his employment on March 16, 2019. During his employment, Plaintiff, like most DMS employees, was expected to fill numerous roles with DMS depending on the needs of the day. In a typical day, Plaintiff could be involved in packing and moving household goods from a dwelling to a truck, driving the truck to the warehouse, unloading the truck (including operating a forklift), and related tasks. The same is true of all members of the Collectives and the Colorado Classes, though as a general matter the duties of women members of the Collectives and the Colorado Classes are restricted to packing due to the physical strength required for the other tasks.

23.    Plaintiff was, and at all times relevant hereto, employed by DMS as a Laborer. The job responsibilities of Laborers include traveling to the site of DMS's customers, packing the customers' household goods for shipping, loading the packed goods on moving trucks, traveling

to the warehouse and unloading the truck, then reloading the goods onto non-company trucks (principally Paul Arpin moving vans) for further shipping of the goods.

24.    Laborers are non-exempt under the FLSA and the Colorado Wage Order, and are so classified by DMS.

25.    DMS has a time clock with which Laborers clock-in and clock-out for each work day.

26.    DMS has a policy pursuant to which Laborers are automatically subject to a thirty-minute period for lunch whether or not Laborers perform work during the putative lunch period. More often than not, Laborers do not take a lunch period where no work is performed. Rather, most Laborers work through lunch.

27.    DMS lacks a policy in which Laborers are permitted regular breaks during the day, and Laborers typically do not receive breaks required by the Colorado Wage Order.

28.    Because of these manipulations, DMS's time records fail to meet the accuracy requirements of 29 C.F.R. Part 516.

29.    Laborers regularly work over 40 hours in each workweek. However, because of DMS's manipulations of the time records (and in particular the automatic deduction of thirty minutes per work day, or two and a half hours per workweek, assuming five work days), not all hours are even counted in calculating pay for Laborers.

30.    Laborers often work more than 12 hours in a work day.

31.    On those occasions on which the (manipulated and inaccurate) time records reflect hours exceeding 12 in a work day or 40 in a workweek, DMS pays for there excess hours at straight

time rather than paying the overtime premium (time-and-a-half) required by FLSA and the Colorado Wage Order.

## FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT
### COLLECTIVE ACTION AGAINST BOTH DEFENDANTS

32.     All preceding paragraphs are incorporated.

33.     At all relevant times, DMS has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

34.     At all relevant times, Ms. Doyle is and has been an employer engaged in interstate commerce within the meaning of the FLSA.

35.     At all relevant times, Defendants employed and/or continue to employ each of the members of the Collectives within the meaning of the FLSA.

36.     At all relevant times, on information and belief, DMS has had gross annual revenues exceeding $500,000.

37.     At all relevant times, DMS had a uniform policy and practice of failing to pay Laborers for all hours worked, of failing to compensate them at the appropriate minimum wage, and of failing to pay overtime compensation for all overtime hours at one-and-one-half their respective proper regular rates of pay.

38.     As a result of DMS's willful failure to properly compensate its employees, including Plaintiff and the Collective members, DMS has violated and, continues to violate, the FLSA.

39.     DMS has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA.

40.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

41.     Due to Defendants' FLSA violations, Plaintiff and the members of the Collectives members are entitled to recover from Defendants unpaid minimum wages, unpaid overtime compensation, actual and liquidated damages, including DMS's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

42.     The opt-in forms of Alberto Rodriguez and Darwin Jiles are attached as Exhibit 1.

## SECOND CLAIM FOR RELIEF
## COLORADO WAGE ORDER
## CLASS ACTION AGAINST DMS

43.     All preceding paragraphs are incorporated.

44.     At all relevant times, Plaintiff and the members of the Colorado Classes were employed by DMS within the meaning of the Colorado Wage Order.

45.     DMS is covered under the Colorado Wage Order as it is within the service industry and is also a commercial support service.

46.     DMS violated the Colorado Wage Order by failing to pay Laborers for all hours worked at the minimum wage prescribed by the Colorado Wage Order, by failing to properly calculate overtime hours, and by failing to pay overtime compensation at the rates required.

9

47.    Plaintiff and the members of the Colorado Classes are entitled to recover from DMS minimum wage for all hours worked, overtime compensation at the appropriate premium for hours worked over 40 in a workweek or 12 in a work day, statutory penalties, DMS's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to the Colorado Wage Order.

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and all other members of the Collectives and the Colorado Classes respectfully requests that this Court grant the following relief:

a) Designation of this action as a collective action on behalf of the members of the Collectives and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collectives, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and/or (3) on behalf of members of the Colorado Classes and appointing Plaintiff and his counsel to represent the classes;

c) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Colorado Wage Order;

d) An injunction requiring Defendants to cease their unlawful practices under, and to comply with, the Colorado Wage Order;

e) An award of overtime compensation due under the FLSA and the Colorado Wage Order;

f)  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g)  An award of damages representing DMS's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

h)  An award of pre-judgment and post-judgment interest;

i)  An award of costs and expenses of this action together with reasonable attorneys' and expert witness fees; and

j)  Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

48.     Plaintiff demands a jury trial on all causes of action and claims with respect to which he and all members of the proposed Collectives and Colorado Classes have a right to jury trial.

Respectfully submitted this 19th day of March, 2019.

/s/ Paul F. Lewis
Paul F. Lewis
Michael D. Kuhn
Andrew E. Swan
LEWIS | KUHN | SWAN PC
620 North Tejon Street, Suite 101
Colorado Springs, CO 80903
Telephone:  (719) 694-3000
Facsimile:   (866) 515-8628
plewis@lks.law
mkuhn@lks.law
aswan@lks.law

*Attorneys for Plaintiff*

11